**JACOBSEN et al. v. NATIONAL LABOR RELATIONS BOARD.**

**No. 7478.**

Circuit Court of Appeals, Third Circuit.

May 19, 1941.

See, also, 113 F.2d 728.

David H. H. Felix, of Philadelphia, Pa., for petitioners.

Mortimer B. Wolf, of Washington, D. C. (Robert B. Watts, Gen. Counsel, Laurence A. Knapp, Associate Gen. Counsel, and Frederick M. Davenport, Jr., Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for respondent.

John V. Lovitt, of Philadelphia, Pa. (Warwick Potter Scott and Ballard, Spahr, Andrews & Ingersoll, all of Philadelphia, Pa., on the brief), for intervenor Protective Motor Service Co., Inc.

Before BIGGS, MARIS, CLARK, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

Argument was had in this case before a three-judge court on January 8, 1941. Because of the importance of the questions of jurisdiction involved, it was deemed advisable to have the case reargued before the court en banc. The facts are as follows:

On December 5, 1935, charges were filed by Thomas J. Wohlan and others with the National Labor Relations Board which issued its complaint against Protective Motor Service Company alleging that that company had engaged in unfair labor practices affecting commerce within the meaning of Section 2(6) and (7) and Section 8(1) and (3) of the National Labor Relations Act, 29 U.S.C.A. §§ 152(6) and (7) and 158(1) and (3).

The complaint alleged that Protective Motor Service Company discharged and refused to reinstate twenty-four employees because they had joined a labor organization and engaged in concerted activities for the purpose of collective bargaining. In its answer Protective Motor Service Company denied that it was engaged in interstate commerce or that it had engaged in unfair labor practices.

Early in 1936 hearings were held before an examiner. The Board by counsel participated in these hearings. On April 28, 1936, the Board issued a decision and order. It found that the respondent had discriminatorily discharged eighteen employees in violation of Section 8(1) and (3), 29 U.S.C.A. § 158(1) and (3), of the National Labor Relations Act, ordered the respondent to cease and desist from the unfair labor practices named and to reinstate certain employees with back pay. Upon May 1, 1936, Protective Motor Service Company filed a petition with the Board asking leave to offer additional testimony, for rehearing, for oral argument, for vacation or modification of the Board's order and for the stay of any proceedings under it. On May 4, 1936, the Board denied the prayers of this petition and upon May 6th amended its previous decision by correcting certain minor errors which appeared therein. On May 13, 1936, Protective Motor Service Company filed a petition in this court for leave to adduce additional evidence in the proceedings before the Board and prayed that the execution of the Board's order be stayed until further order of this court. On the ex parte application, an order to that effect was entered by one of the judges of this court, but shortly thereafter the Board appeared specially and moved the court to dismiss the petition filed by Protective Motor Service Company, to vacate the orders granting leave to take additional testimony and staying the proceedings before the Board. On June 5, 1936, Protective Motor Service Company filed a petition with this court appealing from the Board's order of April 28, 1936. On June 5, 1936, this court, by one of its judges, entered an order granting the appeal.

Upon July 13, 1936, three of the Protective Motor Service Company's employees who had asked that their names be stricken from the complaint filed a petition praying the Board to reinstate them as parties to the original charge and to amend its decision by specifically including them in the relief granted under the Board's order. Upon August 6, 1936, further hearings were held before the examiner apparently for the purpose of passing upon this application and to take further evidence. The examiner heard witnesses, ruled upon evidence and made a report which subsequently was approved by the Board.

Upon May 6, 1937, a stipulation was entered into between the Board and Protective Motor Service Company which provided that this court's orders should be vacated, that the Board's decision might be amended so that it might dispose of the petition of the three employees referred to above, that a petition for review might then be filed by Protective Motor Service Company and that the respondent might then move this court for leave to adduce further testimony. On May 29, 1937, Protective Motor Service Company filed a petition with this court for leave to adduce additional evidence before the Board. This

court thereupon vacated its previous orders and dismissed the petition filed that day by Protective Motor Service Company. On June 9, 1937, the Board issued a supplemental decision which included two of the three petitioning employees within the relief afforded by its prior decision. On April 19, 1938, the Board filed a petition in this court to enforce that order. On June 14, 1938, the Board, after the decision of the Supreme Court in Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L. Ed. 1129 exercising the right conferred upon it by Section 10(e) of the Act, 29 U.S. C.A. § 160(e), filed a motion to withdraw its petition for enforcement. This motion was granted by us on June 27, 1938.

On July 18, 1938, however, the Board without notice to the petitioners entered an order setting aside the findings and orders made by it on April 28, 1936, and on August 1, 1938, entered an order setting aside the amendments to the findings and orders made on May 6, 1936 and June 9, 1937, respectively. These were the findings in which the Board found Protective Motor Service Company guilty of unfair labor practices and the orders by which the Board granted relief. On June 21, 1939, counsel for the persons named in the complaint filed a petition to reopen the case for oral argument. On June 28, 1939, the Board ordered the case to be reopened for further proceedings before it, but denied oral argument or opportunity to present additional evidence. On August 1, 1939, the same persons filed a petition to present additional evidence to the Board. On December 11, 1939, the Board issued an order denying this petition and on the same day ordered that proposed findings of fact, proposed conclusions of law, and a proposed order be issued and that the parties should have the usual twenty days in which to file exceptions to the proposals, to request oral argument and to request permission to file briefs. On December 18, 1939, the Board issued proposed findings of fact, conclusions of law and a proposed order. On January 25, 1940, the respondent and the complainants heretofore referred to, filed exceptions to the proposals. At the oral argument counsel for the complainants withdrew his exceptions. Thereafter counsel for the complainants and Protective Motor Service Company filed briefs with the Board.

On March 12, 1940, the Board filed its new decision and order now subject to review in this court. It found, inter alia, that Protective Motor Service Company was engaged in the business of transporting valuables in armored cars, operating forty-five to fifty trucks; that the greater part of the company's business consisted of transporting valuables in the City of Philadelphia and its vicinity, though the company maintained a truck in Atlantic City; that it maintained two daily routes to points outside of Pennsylvania and other unscheduled and sporadic interstate routes. The president of Protective Motor Service Company, Captain Marsh, testified that less than 1% of its business was in interstate commerce. The Board also found that the Protective Motor Service Company theretofore on February 6, 1936, had filed an application with the Interstate Commerce Commission for a certificate authorizing the continuance of operations in interstate or foreign commerce under the "Grandfather Clauses" of Sections 206(a) and 209 (a) of the Federal Motor Carrier Act of 1935, 49 U.S.C.A. §§ 306(a) and 309(a). In this application Protective Motor Service Company by its petition seemingly sought the continuance of operations between Philadelphia on the one hand and New York City, Baltimore, Maryland, and Washington, D. C., and points in Pennsylvania, New Jersey and Delaware on the other. The Interstate Commerce Commission decided that the "meager" interstate services engaged in by Protective Motor Service Company did not meet the requirements of the grandfather clauses and denied the application. Assuming that the test of interstate commerce required by the grandfather clauses of the Motor Carrier Act is the same as that of the National Labor Relations Act, the weight of the decision of the Interstate Commerce Commission is greatly lessened because as noted by the Commissioner " * * * applicant attempted at the hearing to defeat its application in its entirety, in an effort to have the Commission establish the fact that it is not engaged in interstate commerce."

In concluding its findings of fact the Board states as follows: "We are of the opinion that the facts set forth in the record are not sufficiently developed to afford a basis for determining whether or not the operations of the respondent affect commerce, within the meaning of the Act. Under such circumstances we ordinarily would dismiss the complaint without prejudice. However, in view of the long period of time which has elapsed since the filing of the charges and the nature of the proceed-

ings heretofore had, the Board, acting within the discretion granted it by Section 10 of the Act, does not deem it advisable to reopen the record upon this point. We shall, therefore, dismiss the complaint in its entirety." The Board thereupon ordered the complaint dismissed. On June 1, 1940, the petitioners herein filed a petition with the Board to reopen the case and to hear further testimony. This petition was denied by the Board on June 7, 1940. The petitioners then filed their petition in this court to review and set aside the final order of the Board dismissing the complaint and for an order of this court directing the Board to take further testimony upon the issue of whether Protective Motor Service Company's operations affected interstate commerce within the meaning of the Act.

It should be pointed out that in none of the petitions filed by the petitioners[1] to induce or require the Board to take further evidence upon the issue of whether or not Protective Motor Service Company's operations were of such a nature that interference with them would affect interstate commerce within the purview of the Act, do the petitioners make allegations of specific facts. The language used in the petitions is general and affords no basis by which relevance or competence of the proposed additional evidence can be passed upon. Paragraph 8 of the petition of June 21, 1939, is typical. It states: "Your petitioner[2] feels that because of the affirmative and substantial evidence which he has in his possession to prove conclusively that the respondent was engaged in interstate commerce * * * that unless a hearing is given to reopen this case, substantial harm and injustice will have been done."

We have dealt with the ramifications in this case in such detail because the questions presented are those both of jurisdiction and discretion. It should be pointed out that at the argument of January 8, 1941, the Board took the position that its order dismissing the complaint as well as

the orders denying the petitions for leave to adduce additional evidence should be affirmed. Upon argument before the court en banc, 118 F.2d 1002, however, the Supreme Court meanwhile having dismissed the certificate of the Circuit Court of Appeals for the Fourth Circuit in National Labor Relations Board v. White Swan Company, 61 S.Ct. 751, 85 L.Ed. ——, presenting a question very similar to that at bar, upon the ground that the controversy in that case was not focused in its setting as affecting commerce within the purview of the National Labor Relations Act, the Board conceded that the order dismissing the complaint should be set aside and the cause remanded in order that there may be a determination of whether or not commerce was affected within the meaning of the act by the alleged conduct of Protective Motor Service Company. The Board adheres to its original position in respect to the petitions to adduce additional evidence, maintaining as before that the denial of these petitions was not an abuse of discretion. Protective Motor Service Company, however, has not moved from the position asserted by it at the first argument and still maintains that the order of the Board dismissing the complaint should be affirmed. In view of this we think it necessary to discuss and dispose of the issues presented by the case precisely as if the concession of the Labor Board had not been made.

■■■ Section 10 of the Act, 29 U.S.C. A. § 160, deals with the prevention of unfair labor practices. Section 10(a), 29 U. S.C.A. § 160(a), states, "The Board is empowered * * * to prevent any person from engaging in any unfair labor practice (listed in section 8 [158]) affecting commerce." Section 10(b), 29 U.S.C.A. § 160 (b), states that, "Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board * * * shall have power to issue and cause to be served upon such per-

---

[1] Petitions for Adducing Additional Evidence.

| Petitioners | | Protective Motor Service Company | |
|---|---|---|---|
| To Board | To Court | To Board | To Court |
| Nov. 22, 1938 | Petition now pending | May 1, 1936 | May 13, 1936 |
| June 21, 1939 | | | May 29, 1937 |
| Aug. 1, 1939 | | | |
| June 1, 1940 | | | |

Thus eight petitions aimed at adducing additional evidence were filed. Three by Protective Motor Service Company, of which one was to the Board and two were to the court; and five by the petitioners, of which four were to the Board and one, now pending, was to the court.

[2] The petition was filed by counsel for the petitioners who employed the singular.

son a complaint * * *". It will be noted that the jurisdiction of the Board is not a compulsory jurisdiction. Assuming that all circumstances looked to by the Act are in existence, none the less we are of the opinion that the Board does not have to cause a complaint to be issued against the employer or proceed to prohibit any unfair labor practices complained of. The course to be pursued rests in the sound discretion of the Board and is the concern of expert administrative policy. That discretion is not a legal discretion at least in so far that upon the abuse of it the several circuit courts of appeals might compel the Board to issue a complaint. The jurisdiction of the courts of appeals to review the actions of the National Labor Relations Board is conferred by statute and review of the Board's actions must rest within the statutory power granted to the reviewing courts under Sections 9 and 10 of the Act, 29 U.S.C.A. §§ 159 and 160. American Federation of Labor v. Labor Board, 308 U.S. 401, 406, 60 S.Ct. 300, 84 L.Ed. 347. It follows that in the case at bar the Board could have disregarded the charges made by Wohlan. The Board, however, heeded the charges, issued its complaint, held hearings, granted relief to the petitioning employees, and then withdrew that relief. The Board having taken jurisdiction of the cause and having entered a final order dismissing the complaint, we are of the opinion that this court, pursuant to the provisions of Section 10(f) of the Act, 29 U.S.C.A. § 160(f), has jurisdiction upon the petition of those aggrieved by that order to review it.

■ Section 10(f) states in part, "Upon such filing [of a petition by the aggrieved person], the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same exclusive jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing * * * or setting aside in whole or in part the order of the Board." Subsection (f) is controlling in the case at bar, but it provides that upon the filing of the petition the court shall proceed in the same manner as in the case of an application by the Board under subsection (e). Subsection (e) provides, inter alia, "If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such

additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board * * * the court may order such additional evidence to be taken before the Board * * *". We conclude that upon petition for review of a final order of the Board either party may petition the court for leave to adduce additional evidence upon any pertinent issue and the court may excuse the failure of the party to adduce such evidence if it is material and that there were reasonable grounds for the failure of the party to adduce it before the Board. In so holding we are not unmindful of the express provisions of subsection (c) which state that after hearing "* * * in its discretion, the Board upon notice may take further testimony or hear argument." These words are in aid of the Board and we think that they were included by Congress in subsection (c) so that there should be no doubt of the Board's power to reopen a hearing. That subsection cannot limit the power of a court of appeals, acting pursuant to the provisions of subsections (e) or (f), to require the Board to take additional evidence. In short, we conclude that the discretion conferred upon the Board by subsection (c) is a legal discretion and if it has been abused is subject to review by the several courts of appeals acting pursuant to the provisions of subsections (e) or (f).

■ In its final decision in the case at bar the Board stated categorically that "* * * the facts set forth in the record are not sufficiently developed to afford a basis for determining whether or not the operations of the respondent affect commerce within the meaning of the act." The Board went on to say that in view of the long period of time which has elapsed since the filing of the charges and the nature of the proceedings theretofore had, acting within the discretion granted it by Section 10, it did not deem it necessary to reopen the record to determine the issue of whether the operations of Protective Motor Service Company affect commerce within the purview of the act. The Board is the judge of the facts and if its findings are supported by substantial evidence we must accept them. It has made no finding upon the fundamental issue of commerce affected. The Board took inconsistent positions. It stated that the record did not afford a basis for determining whether the operations of Protective Motor Service Company affect commerce within the mean-

ing of the act and then, in an exercise of discretion, refused to receive additional evidence upon this very pertinent issue. Aside from any question presented as to the right of the petitioners to adduce additional evidence, the Board, having issued its complaint and proceeded to hearings, had the duty to decide in limine whether or not the operations of the Protective Motor Service Company affected commerce within the meaning of the act, and in our opinion it was error for the Board not to do this.

The petitions by which leave was sought to take additional evidence upon this issue are inartistically drawn and, as we have stated, do not set forth the specific testimony relied on. These petitions were presented to the Board only after that tribunal had reversed the position taken by it in its original decision and order, the original decision and order being of such a nature that the Board must have found that the operations of Protective Motor Service Company did affect commerce within the meaning of the act. While four and a half years have elapsed between the time of the filing of the charges with the Board on December 5, 1935, and the final decision of the Board on March 12, 1940, this delay must be charged largely to the Board and to this court. The burden of it cannot be put upon the petitioners. It has been the practice of the Board to deal with liberality with pleadings and evidence. Under all the circumstances of the case at bar we think that the strict rule of law invoked by the Board in refusing to take additional testimony is inappropriate. We conclude there was no sufficient reason for the Board to refuse to receive additional testimony upon the issue of interstate commerce and that its refusal to do so was an abuse of discretion.

▪ Apart from the foregoing, however, we are of the opinion that this court, pursuant to the provisions of Section 10(f), possesses the discretion to order additional evidence to be taken before the Board as provided in Section 10 (e) in order that the ends of justice may be served.

Accordingly a decree will be entered setting aside the order of the Board and remanding the cause with directions to reinstate the complaint, to allow the petitioners a reasonable opportunity to present the evidence referred to in their petitions, and to determine the issue of interstate commerce, and if it be found that the opera-

tions of Protective Motor Service do affect commerce within the purview of the act, to determine whether or not that company has engaged in unfair labor practices and to issue an appropriate order in respect thereto.