## Get-Set Organization et al. *v.* Labor Relations Board et al.

Argued May 6, 1971, before Judges KRAMER, WIL-
KINSON, JR., and MENCER, sitting as a panel of three.

*Peter Hearn,* with him *J. Anthony Messina, James
T. Giles,* and *Pepper, Hamilton & Scheetz,* for appellant.

*A. Martin Herring,* with him *Leonard M. Sagot,* and
*Ettinger, Poserina, Silverman, Dubin, Anapol & Sagot,*
for appellee, Philadelphia Federation of Teachers.

*James F. Wildeman,* Assistant Attorney General,
for appellee, Pennsylvania Labor Relations Board.

OPINION BY JUDGE MENCER, September 23, 1971:
This appeal is from the Order of the Court of Com-
mon Pleas of Philadelphia County sustaining prelim-
inary objections of appellee, Philadelphia Federation
of Teachers, Local No. 3 (Federation) and dismissing
the Petition of appellant, Get Set Organization, Phila-
delphia City Education Association, PCEA-NEA (PC
EA) To Set Aside An Order of The Pennsylvania La-
bor Relations Board (PLRB) which it is alleged had
the effect of a refusal to certify PCEA as the exclusive

employee representative for certain public employees under the Public Employe Relations Act of July 23, 1970, P. L.    , No. 195, 43 P.S. §1101.101 et seq. (Act).

The Court below held that it had neither "jurisdiction" nor "venue" over the parties and subject matter in the Petition and that the action taken by PLRB was not final and appealable. There was no opinion by the Court setting forth the reasons for these conclusions. The record below consists only of the Petition to Set Aside An Order of The Pennsylvania Labor Relations Board, Preliminary Objections of Federation and the Order of the Court.

PCEA and Federation are public employee organizations whose primary goal within the context of this litigation is to represent employees of the "Get Set" Day Care Program[1] in collective bargaining negotiations with their public employer, the School District of Philadelphia (School District). The difficulties in determining the employee representative for this bargaining unit have lasted for nearly a year. On September 5, 1970, PCEA, the Federation and the School District agreed to settle then pending litigation (first case) involving the invalidity of an election held in August of 1970 by entering into a Stipulation which was subsequently approved by the Court of Common Pleas and filed of record. The parties in the first case stipulated that the School District was to cause the

---

[1] The Get Set Day Care Program is a day care center program for children of pre-school and elementary school age whose parents are working. The program is administered and operated by the Board of Education of the School District of Philadelphia separate and apart from its regular educational system. It is 75% funded by the Federal Government. The Board of Education employs about 1100 employees, consisting of 400 to 500 professional employees such as teachers, social workers, health education specialists, etc.; and 600 to 700 nonprofessional employees such as housekeeper cooks, custodial aides, teacher aides, etc.

American Arbitration Association to conduct an election on September 18, 1970 among the "Get Set" employees to ascertain which of the parties the employees desired as their collective bargaining representative. The parties agreed to certain procedures for the preparation of a list of eligible voters, the criteria for eligibility, the procedure for posting notices, and the mailing of absentee ballots.

The election was conducted by the American Arbitration Association on the designated day. Shortly thereafter, on October 6, 1970, it certified results which showed PCEA the winner. On October 26, 1970, cognizant of the election results, the Board of Education of the School District passed a resolution recognizing PCEA as the exclusive bargaining representative and collective bargaining was about to begin. However, immediately thereafter, Federation filed with the PLRB a Petition for Representation of Public Employees.

On October 30, 1970, PCEA commenced an action in the Court of Common Pleas of Philadelphia County by the filing of a Complaint in Equity (second case). PCEA sought a preliminary injunction directing Federation to adhere to the Stipulation of September 5, 1970, and not to proceed with its Petition before the PLRB or with its attempts to interfere with the representation rights of the "Get Set" employees as determined by the election. Prior to the hearing on the preliminary injunction, the Federation filed preliminary objections raising the contention that the statutory remedy portions of the Public Employe Relations Act, *supra,* effective on October 21, 1970, preempted the Court of its jurisdiction to enforce the Stipulation of September 5, 1970. Argument on the preliminary objections was held on November 6, and on November 9, 1970, and the Court ordered that all preliminary objections of Federation were overruled. The Federation, before the hearing on the preliminary injunction, filed

an immediate appeal to the Supreme Court of Pennsylvania which heard argument on the case in January, 1971. The decision in that matter is pending.

Meanwhile, PCEA and the School District filed with the PLRB, as provided for by Section 602(a) of the Act, a joint request for certification.

On January 8, 1971, the PLRB, by telegram, notified counsel for PCEA that it had tentatively fixed the week of February 8, 1971, as a time when a date would be set for the holding of an election. On January 11, 1971, PCEA filed a Petition in the Court of Common Pleas of Philadelphia County to Set Aside the action of the PLRB in announcing plans to set a date to hold an election on the grounds that the ordering of a new election precluded all rights of PCEA to certification as the collective bargaining agent under the Stipulation (third case). PCEA also contended that PLRB's Order interfered with deliberations in the matter now pending before the Supreme Court of Pennsylvania. Shortly thereafter, the Federation filed Preliminary Objections and on January 25, 1971, the Court below sustained the preliminary objections and held that it did not have jurisdiction and venue over the parties and the subject matter and, further, that the order of PLRB was not final and appealable. The Order of the Court dismissed the Petition.

On February 4, 1971, PCEA filed this appeal from that Order to this Court. We dismiss this appeal since the action of PLRB in fixing a time when a date would be set for the holding of an election was not appealable.

Section 1502 of the Act of July 23, 1970, P. L.     , No. 195, Art. XV, 43 P.S. 1101.1502 provides, *inter alia,* that any person aggrieved by an order certifying or refusing to certify a collective bargaining agent of employees in any representation case, may obtain a review of such order in the court of common pleas of any county wherein such person or employer in a rep-

resentation case resides or transacts business or in the instance of Commonwealth employees in the Commonwealth Court. This review section, as applied to the fact situation here, deals with "an order certifying or refusing to certify a collective bargaining agent." We do not conclude that a telegram which does not fix the time or place for holding an election but merely indicates that during a certain week, tentatively fixed by the PLRB, a time will be set for holding an election, constitutes an order, final or otherwise. Certainly if it is an order of some sort, it cannot be construed to be one "certifying or refusing to certify a collective bargaining agent." The telegram in question simply does not certify or refuse to certify anything.

It is contended that because the PLRB indicated its intention to hold an election that this is the equivalent of "refusing to certify a collective bargaining agent." Such is not the case when one considers Section 604(2) of the Act, 43 P.S. 1101.604(2), which states that the PLRB shall not decide that any unit is appropriate if such unit includes both professional and nonprofessional employees, unless a majority of such professional employees vote for inclusion in such unit. In the instant case the PLRB was being asked to certify a collective bargaining agent upon the joint request of PCEA and the School District under the provisions of Section 602(a) of the Act, 43 P.S. 1101.602 (a), but to do so the PLRB must find the unit appropriate. Here there were both professional employees and nonprofessional employees in the proposed unit and, *more importantly,* it is admitted by all parties that no election has been held yet which has determined whether or not a majority of the professional employees within the proposed unit wish to be included in the proposed unit with nonprofessional employees. This being the factual situation, the PLRB must initially hold a further election before it can, under the provi-

sions of Sections 602(a) and 604(2) of the Act, approve or refuse the requested certification. Therefore, a telegram indicating that the PLRB was making plans to hold an election can in no way be considered an order which is reviewable. The election of September 18, 1970, to select an exclusive bargaining representative failed to provide professional employees in the proposed bargaining unit with an opportunity to indicate whether or not nonprofessional employees shall be included within the same unit. The Pennsylvania Public Employe Relations Act makes such approval by the professional employees a prerequisite to any determination that the proposed unit is an appropriate one. Accordingly, the PLRB had a duty to order a further election to satisfy the statutory requirement *before certifying or refusing to certify* the employee organization which won the representation election.

PCEA's appeal was clearly premature and overhasty. Participants in foot races have traditionally been started by a three part invitation: on your mark, get set, go! Here, it would appear that in this race to the courthouse, "Get Set" was go when it should have been only on its mark.

In *Chapin v. Pennsylvania Labor Relations Board,* 356 Pa. 577, 52 A. 2d 568 (1947), it was held that an order directing an election prior to an order certifying a bargaining representative of the employees involved was an interlocutory order and as such not subject to review. In *Pennsylvania Labor Relations Board v. Puritan Cleaners,* 376 Pa. 617, 103 A. 2d 904 (1954), it was written that "an order is not final until it definitively and conclusively disposes of a pending action. The braid of litigation must end in a firm knot which ties every strand of the controversy so that nothing is left to conjecture, surmise or additional inquisition."

We cannot avoid the inescapable conclusion that the telegram in question did not constitute an order,

final or otherwise, which was appealable under the provisions of the Act. *See Ben Mar Mushroom Farms, Inc. v. Pennsylvania Labor Relations Board,* 430 Pa. 407, 243 A. 2d 372 (1968). This conclusion makes unnecessary our passing upon the correctness of the lower court's determination that it did not have jurisdiction and venue over the parties and the subject matter of this "third case".

Order affirmed. Our order of April 19, 1971 by which the PLRB order of April 13, 1971 was stayed is hereby vacated. Costs to be paid by appellant.