Pennsylvania Social Services Union, Local 668, Affiliated With Service Employees International Union, AFL-CIO v. Pennsylvania Labor Relations Board, Commonwealth of Pennsylvania. Pennsylvania Social Services Union, Appellant.

Argued September 14, 1976, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*Stephen A. Sheller*, with him *Faye R. Cohen, Eric B. Chaikin,* and *Pechner, Dorfman, Wolffe & Rounick,* for appellant.

*Forest N. Myers*, Assistant Attorney General, with him *James F. Wildeman*, Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 15, 1976:

This case is before us on a motion to quash and, should we deny the motion, on the merits. We are asked first to decide whether a letter from the Executive Director of the Pennsylvania Labor Relations Board (Board) administratively dismissing a charge

of unfair labor practices and refusing to issue a complaint is properly appealable to this Court., If we answer affirmatively, the Pennsylvania Social Services Union, Local 668 (PSSU) asks us to decide then whether the Board abused its discretion by allegedly failing to investigate the charges of unfair labor practices before dismissing them. Both issues raise questions· of first impression under the Public Employe Relations Act[1] (Act 195)..

The facts of this case are not in dispute. PSSU filed with the Board charges of unfair labor practices based on alleged violations of Section 1201(a)(3) and (5) of Act 195, 43 P.S. §1101.1201(a)(3), (5), which reads:

> (a) Public employers, their agents or representatives are prohibited from:
>
> . . . .
>
> (3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employe organization.
>
> . . . .
>
> (5) Refusing to bargain collectively in good faith with an employe representative which is the exclusive representative of employes in an appropriate unit, including but not limited to the discussing of grievances with the exclusive representative.

The charges stemmed from a letter to PSSU from management announcing a unilaterally determined raise in the cost of lunches which are made available at institutions to certain Commonwealth employees represented by PSSU. An expedited hearing was requested.

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

By letter dated January 15, 1976, the Executive Director of the Board informed PSSU's representative that he had been authorized by the Board to dismiss PSSU's charges administratively. The letter suggested that PSSU seek relief through grievance procedures. PSSU filed exceptions on January 26, 1976, which were dismissed in similar fashion by letter dated February 5, 1976. It is from this dismissal that PSSU appeals.

## Section 1502 Final Order

Section 1502 of Act 195, 43 P.S. §1101.1502, provides in pertinent part:

Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought in any unfair practice case . . . may obtain a review of such order . . . in the instance of Commonwealth employes in the Commonwealth Court . . . by filing in such court, within thirty days after the final order has been issued by the board, a written petition praying that the order of the board be modified or set aside. A copy of such petition shall be forthwith served upon the board, and the board shall file in the court a transcript of the entire record in the proceeding certified by the board, including the pleadings and testimony and order of the board. Upon such filing, the court shall proceed in the same manner as in the case of an application by the board under section 1501 [43 P.S. §1101.1501], and shall have the same exclusive jurisdiction to grant to the board such temporary relief, restraining or mandamus order as it deems just and proper or requisite to effectuate the policies of this act, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside, in whole or in part, the order of the

board, and findings of the board as to the facts, if supported by substantial and legally credible evidence, shall in like manner be conclusive. The parties before the court shall be any person aggrieved by an order of the board, as aforesaid, and the board and any other party to the board proceeding.

PSSU contends that the letter dismissing its exceptions and refusing to issue a complaint was a final appealable order within the meaning of Section 1502. A reading of Section 1502 in its entirety reveals that the final orders referred to are those rendered *after a complaint has issued and a hearing has been held.* In the instant case, the Board's decision was that no complaint should issue. No pleadings, transcripts, or findings of fact could exist for our review as contemplated by Section 1502. Therefore, the Board's letter is not a final order subject to review under Section 1502 of Act 195. Notwithstanding this holding, we do not believe it would be proper to grant the Board's motion to quash in this case for reasons we now discuss.

### Reviewable Order

Section 1302 of Act 195, 43 P.S. §1101.1302,[2] grants to the Board or its designated agent the authority to

---

[2] Section 1302 provides:

Whenever it is charged by any interested party that any person has engaged in or is engaging in any such unfair practice, the board, or any member or designated agent thereof, shall have authority to issue and cause to be served upon such person a complaint, stating the charges in that respect, and containing a notice of hearing before the board, or any member or designated agent thereof, at a place therein fixed, not less than five days after the serving of said complaint. Any such complaint may be amended by the board, member or agent conducting the hearing at any time prior to the issuance of an order based thereon. The person so complained of shall have the right

issue complaints based on charges of unfair labor practices. A complaint will not issue, however, each time a charge is made. Some discretion properly remains with the Board to sift the frivolous claims from the substantial. Act 195, however, does not provide for review of the Board's exercise of its discretion in cases such as the one before us. Quite simply, it appears that the possibility was not foreseen by the legislature. We may not, of course, supply provisions in a law under the guise of statutory interpretation. We must, however, give effect in our deliberations to long standing principles governing the review of administrative actions.

It is important to note that the possession of discretionary power by an administrative body does not make its actions immune from judicial review. Indeed, the preclusion of such review is not lightly to be inferred but requires a clear showing of legislative intent. *Haddington Leadership Organization, Inc. v. Sherman,* 8 Pa. Commonwealth Ct. 309, 302 A. 2d 919 (1973). We can find no clear legislative intent to preclude review of determinations such as the one in the instant case. This does not end our inquiry, however, because we must also determine whether the letter is, in fact, an order and whether it is final, as opposed to interlocutory. *See generally Keystone Raceway Corp. v. State Harness Racing Commission,* 405 Pa. 1, 173 A.2d 97 (1961).

This Court has recognized that the form of a decision has no particular significance and that a letter,

to file an answer to the original or amended complaint and to appear in person, or otherwise, to give testimony at the place and time set in the complaint. In the discretion of a member or agent conducting the hearing or of the board, any other person may be allowed to intervene in the said proceeding and to present testimony. In any such proceeding, the rules of evidence prevailing in courts of law or equity shall be followed but shall not be controlling.

under certain circumstances, may qualify as a determination subject to judicial review. *Newport Homes, Inc. v. Kassab,* 17 Pa. Commonwealth Ct. 317, 332 A. 2d 568 (1975); *McKinley v. State Board of Funeral Directors,* 5 Pa. Commonwealth Ct. 42, 288 A.2d 840 (1972). By dismissing PSSU's charge without issuing a complaint, the Board effectively foreclosed PSSU's access to the administrative process. Since only the Board may issue a complaint, the order ended the consideration of the matter and is final rather than interlocutory. We believe the appeal is therefore ripe for review.

## Scope of Review

To say that an action is reviewable is not determinative of the scope of our review. In cases such as the one at bar, we are convinced that our review should be quite restricted. In *Blumenschein v. Pittsburgh Housing Authority,* 379 Pa. 566, 573, 109 A.2d 331, 335 (1954), our Supreme Court stated:

[C]ourts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be sub-

stituted for *administrative* discretion. (Emphasis in original.)

We have followed these precepts in innumerable situations[3] and will follow them here.

PSSU argues that the Board failed to make an investigation of its charge and that this failure constituted an abuse of discretion. In oral argument, appellant relied on *Dunlop v. Bachowski*, 421 U.S. 560 (1975), to buttress this argument. We find *Dunlop* inapposite. We have often stated that federal labor law precedents dealing with the private sector are at best persuasive and not controlling authority in the interpretation of Act 195. *Pennsylvania Labor Relations Board v. State College Area School District*, 9 Pa. Commonwealth Ct. 229, 306 A.2d 404 (1973). *Dunlop*, however, is not at all persuasive since it arose under a statute (28 U.S.C.A. §482) which places an affirmative duty on the Secretary of Labor to investigate charges. Act 195 creates no such duty and we may not infer it. Since it has no duty to investigate charges, we hold that the Board did not commit an abuse of discretion by failing to hold a formal investigation. Appellant's other authorities are equally unpersuasive.

We are of the opinion that the court's review in cases of this nature need not extend beyond an examination of the charge, the Board's letter "order," and the applicable law. If the court finds a rational and tenable basis for the dismissal, it must affirm. In no event should the court's review encompass challenges to the factual bases for dismissal.

In the case at bar, although the Board's letter does not contain a detailed statement of the reasons for its dismissal, we can easily infer that in the Board's

---

[3] *See, e.g., Rosenstein v. North Penn School District*, 19 Pa. Commonwealth Ct. 323, 342 A.2d 788 (1975), and cases cited therein.

opinion this problem was more amenable to solution through the grievance procedure.[4] This was certainly a rational position for the Board to take and, under our scope of review, we must affirm. Therefore, we enter our

ORDER

Now, this 15th day of December, 1976, the motion to quash is denied. The order of the Pennsylvania Labor Relations Board in the above captioned case is affirmed.

---

[4] We note that Act 195 provides for mandatory arbitration as a final step in the grievance procedure. Section 903, 43 P.S. §1101.903. The arbitrators' award is in turn reviewable by the courts. Pa. R.A.P. 703.

---

CONCURRING AND DISSENTING OPINION BY JUDGE BLATT:

I concur with the majority's opinion that the letter here involved did not constitute a final order as required by Section 1502 of the Public Employe Relations Act[1] (Act 195), 43 P.S. §1101.1502. I believe, however, that the Pennsylvania Labor Relations Board's (Board) exercise of its administrative discretion pursuant to Section 1302 of Act 195, 43 P.S. §1101.1302, is not reviewable.

Section 1302 of this Act provides, *inter alia*, as follows:

Whenever it is charged by any interested party that any person has engaged in . . . any such unfair practice, the board . . . *shall have authority to issue* and cause to be served upon such person a complaint. . . . (Emphasis added.)

It is clear. that the Board here is impressed with a discretionary power to prosecute an unfair labor prac-

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

tice charge and that the exercise of such discretion is not adjudicatory in nature and, therefore, is not reviewable. *In Re: Frawley v. Downing,* 26 Pa. Commonwealth Ct. 517, 364 A.2d 748 (1976).

In *Jacobsen v. National Labor Relations Board,* 120 F.2d 96, 99-100 (3rd Cir. 1941), the National Labor Relations Board was held to be empowered as follows:

> 'Whenever it is charged that any person has engaged in . . . any such unfair labor practice, the Board . . . shall have power to issue and cause to be served upon such person a complaint. . . .'

The court held there that the decision as to whether or not a complaint should issue "rests in the sound discretion of the Board and is the concern of expert administrative policy," *Jacobsen, supra,* 120 F.2d at 100 and is generally not reviewable. *Kixmiller v. Securities and Exchange Commission,* 492 F.2d 641, 645 (D.C. Cir. 1974).

Moreover, as the Board noted in its letter in question here, the appellant's charges could possibly constitute a grievance under the collective bargaining agreement, and the result of that process, of course, would be subject to judicial review.