Delaware County Lodge No. 27, Fraternal Order
of Police, Petitioner *v.* Commonwealth of Pennsyl-
vania Labor Relations Board et al., Respondents.

Argued April 7, 1983, before Judges BLATT, CRAIG
and DOYLE, sitting as a panel of three.

*Alexander A. DiSanti, Richard, Brian, DiSanti &
Hamilton,* for petitioner.

*Ellis H. Katz,* with him, *James L. Crawford, An-
thony C. Busillo, II and Alvin S. Ackerman,* for re-
spondents.

Opinion by Judge Craig, June 24, 1983:

The Delaware County Lodge No. 27, Fraternal Order of Police (FOP) seeks review of the refusal of the Pennsylvania Labor Relations Board (PLRB) to issue a complaint against Upper Darby Township, the employer, based upon the FOP's charge of unfair labor practice.[1]

This dispute involves the FOP's assertion that the township delayed the collective bargaining process for fiscal year 1980 with the intention of causing the FOP to fail to comply with the mandatory time requirements established in Act 111,[2] which provides for collective bargaining between policemen and their public employers, and mandates binding arbitration, with no right to strike, if bargaining reaches an impasse. In describing the factual background, we note two significant deadlines imposed in section 3 of Act 111, which provides:

Collective bargaining shall begin at least six months before the start of the fiscal year of the political subdivision or of the Commonwealth, as the case may be. Any request for arbitration,

---

[1] This case has had a long and arduous procedural path. After the PLRB's affirmance of its secretary's refusal to issue a complaint on unfair labor practice charges, the FOP appealed that order to our court. On appeal to our Supreme Court by permission, *Delaware County Lodge No. 27 v. Pennsylvania Labor Relations Board* (1492 C.D. 1980, filed September 11, 1980), the Supreme Court held that our court was the proper forum to appeal this PLRB order, because it did not involve Act 195, the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, §§101-2301, 43 P.S. §§1101.101-1101.2301, which directs that such an appeal be taken to common pleas court. *Delaware County Lodge No. 27 v. Pennsylvania Labor Relations Board*, 497 Pa. 319, 440 A.2d 512 (1982).

[2] Act of June 24, 1968, P.L. 237, No. 111, 43 P.S. §§217.1-217.27.

as hereinafter provided, shall be made at least 110 days before the start of said fiscal year.[3]

On May 7, 1979, the FOP filed a petition for investigation and certification of representatives with the PLRB seeking to represent the township's police officers.[4] On May 19, 1979, the PLRB received a request for intervention from the Local Representatives Association of Upper Darby Police Officers (association). Thereafter, the FOP filed a request for an expedited election with the PLRB under section 7(c) of the Pennsylvania Labor Relations Act (PLRA),[5] and on June 19, 1979, the township's police officers held an election, which resulted in an overwhelming victory for the FOP.

Thereafter, the PLRB delayed the certification of the FOP, after the township had petitioned the PLRB to determine whether higher-ranked police officers were included in the bargaining unit. On July 23, 1979, a PLRB examiner conducted a hearing, which involved the township and FOP, regarding the makeup of the appropriate bargaining unit.

Concurrent with the election and related litigation, the FOP attempted unsuccessfully to enter into negotiations with the township to reach a collective bargaining agreement for fiscal year 1980. On September 6, 1979, the FOP began arbitration proceed-

---

[3] 43 P.S. §217.3.

[4] Although Act 111 does not contain detailed provisions for the selection of a bargaining representative, our Supreme Court has held that Act 111 is to be read *in para materia* with the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §§211.1-211.13. *Philadelphia Fire Officers Assoc. v. Pennsylvania Labor Relations Board*, 470 Pa. 550, 369 A.2d 259 (1977). The procedure for the selection of collective bargaining representatives is in section 7 of the PLRA, 43 P.S. §211.7.

[5] Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §211.7(c).

ings with the township under section 4 of Act 111.[6] On October 18, 1979, before any further action by the PLRB, the township filed a motion to reopen the record, alleging that it wished to present "newly discovered evidence concerning the alleged improprieties involved in the election process." Also on that day, the township withdrew its designation of the arbitrator that it had selected to represent the township in collective bargaining negotiations.

Frustrated by what it perceived as delay. tactics, the FOP, on November 19, 1979, filed a charge of unfair labor practice, alleging that the township had unlawfully refused to negotiate and participate in arbitration proceedings under sections 1, 2 and 4 of Act 111.[7] The board consolidated the township's allegations and the FOP's unfair labor practice charges, and conducted a second hearing on November 29, 1979.

On February 27, 1980, the PLRB issued an order[8] that (1) all police officers, except the superintendent of

---

[6] 43 P.S. §217.4(a), which provides:

(a)  If in any case of a dispute between a public employer and its policemen or firemen employees the collective bargaining process reaches an impasse and stalemate, or if the appropriate lawmaking body does not approve the agreement reached by collective bargaining, with the result that said employers and employees are unable to effect a settlement, then either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration...."

[7] 43 P.S. §§217.1, 217.2, 217.4. Because the Supreme Court of Pennsylvania has determined that the PLRA and Act 111 are to be read *in para materia, Philadelphia Fire Officers Association,* unfair practice charges regarding violations of Act 111 are to be brought under the provisions of section 6 of the PLRA. *International Association of Firefighters v. City of Allentown,* 55 Pa. Commonwealth Ct. 599, 423 A.2d 1119 (1980).

[8] *Pennsylvania Labor Relations Board v. Upper Darby Township,* 11 PPER ¶11069 (1980).

police, were to be included in the bargaining unit; (2) the results of the June 19, 1979 election were to be set aside because of improprieties in selecting the election site in that a PLRB agent conducted a pre-election conference and arranged for various details regarding the election with the FOP's counsel, without consulting with the township's counsel; and (3) because there was a legitimate question as to the certification of the FOP as the representing unit of the police officers, under the *Midwest Piping* rationale,[9] the township's withdrawal of its arbitrator and refusal to bargain could not be considered an unfair labor practice. FOP filed no exceptions to that order.

In accordance with the PLRB's order, a new election was held on April 3, 1980, and on April 21, 1980 the PLRB ruled that the new election had been conducted fairly and certified the FOP as the exclusive representative of the Upper Darby policemen.[10] Then, after the township continued to refuse to negotiate with the FOP regarding fiscal year 1980, the FOP requested that the secretary of the PLRB issue a complaint against the township on a charge of unfair practice, alleging that the township had engaged in unfair labor practices, in violation of section 6(1)(a), (c) and (e) of the PLRA, by refusing to enter into arbitration for the 1980 calendar year.[11]

---

[9] Essentially, the *Midwest Piping* Doctrine holds that an employer commits an unfair practice by bargaining with any union when there is a valid question of representation involving more than one union. Conversely, an employer commits no unfair practice if it ceases to bargain or refuses to bargain when faced by competing claims for representation from more than one union. *Midwest Piping and Supply Co.*, 63 NLRB 1061 (1945). *See, e.g., Commonwealth of Pennsylvania (Pennsylvania Liquor Control Board)*, 10 PPER ¶10031 (1979).

[10] *Pennsylvania Labor Relations Board v. Upper Darby Township*, 11 PPER ¶11069 (1980).

[11] 43 P.S. §211.6. *See* footnote 7.

The secretary refused to issue the complaint, and the PLRB affirmed that refusal, reasoning that the PLRB, in a previous order,[12] had dismissed a similar charge of the FOP after finding that "the township was under no duty to bargain with the FOP because of a pending question of representation, and because the mandatory timetables for requesting arbitration for the 1980 year had passed." Furthermore, the PLRB noted that, unlike the situation in *International Association of Firefighters v. City of Johnstown*, 468 Pa. 96, 360 A.2d 197 (1976), where the municipality had been the cause of the employee's failure to meet the Act 111 arbitration deadline, here, a legitimate question of representation had arisen, and the PLRB had been unable to resolve this dispute until after the Act 111 deadline had transpired. The FOP's appeal of that order, dated June 4, 1980, is now before us.

All final PLRB orders, including those refusing to institute an unfair practice complaint, are subject to judicial review. *Pennsylvania Social Services Union Local 668 v. Pennsylvania Labor Relations Board*, 481 Pa. 81, 392 A.2d 256 (1978).[13] The issuance of an unfair practice complaint is a discretionary determination

---

[12] *See* footnote 8.

[13] At issue in *Pennsylvania Social Services Local 668*, was an unfair labor practice charge brought under section 1101.1302 of Act 195, 43 P.S. §1101.1302, which provides:

Whenever it is charged by any interested party that any person has engaged in or is engaging in any such unfair practice, the board, or any member or designated agent thereof, shall have authority to issue and cause to be served upon such person a complaint....

Act 111 contains no such provision. However, because Act 111 is read *in para materia* with PLRA, *see Philadelphia Fire Officers Association*, and section 8(b) of the PLRA, 43 P.S. §211.8(b), in relevant portion, is verbatim to section 1101.1302 of Act 195, the analysis in *Pennsylvania Social Services Local 668* must control under both statutes.

of the PLRB under section 8(b) of PLRA.[14] We do not review the PLRB's discretionary acts in the absence of bad faith, fraud, capricious action or abuse of power. *Pennsylvania Social Services Union; Commonwealth v. Pennsylvania Labor Relations Board*, 64 Pa. Commonwealth Ct. 525, 441 A.2d 470 (1982).

Act 111 requires timely adherence to the bargaining schedules set forth in sections 3 and 4 of the Act in order to perfect the right to arbitration. *Bivighouse v. Borough of Telford*, 66 Pa. Commonwealth Ct. 548, 445 A.2d 561 (1982). Nevertheless, our Supreme Court has recognized an exception to this strict time limitation where an employer has failed to act in good faith by engaging in dilatory bargaining tactics. *International Association of Firefighters*.

The FOP alleges here that the township engaged in dilatory bargaining tactics that ultimately were responsible for the FOP's inability to meet the specified deadlines, in that the township challenged the June 19, 1979 election, and refused to enter into arbitration while the FOP awaited final certification, and, again, after the FOP's certification on April 21, 1980.

The FOP, in asserting that the township should be required to arbitrate after the expiration of the Act 111 deadline for fiscal year 1980, is, in effect, urging that the PLRB consider the township's actions during 1979 as dilatory conduct, and, therefore, under the scope of the *International Association* exception. However, the PLRB, by its order of February 27, 1980, found that the township had not committed an unfair labor practice in refusing to negotiate.

Notably, the FOP did not file exceptions to the PLRB's February 27, 1980 order, and, in its present charge of unfair practice, has incorporated all of the acts previously complained of in its earlier charge,

---

[14] 43 P.S. §211.8(b).

citing only the additional facts of the FOP's April 21, 1980 certification and the FOP's subsequent request to arbitrate. In partial effect, the FOP seeks to relitigate the previous charge. However, we have held that a party may not collaterally attack a previous PLRB determination on the charge of unfair practices by filing a new charge based on the same facts. *Nyo v. Pennsylvania Labor Relations Board*, 53 Pa. Commonwealth Ct. 646, 419 A.2d 244 (1980).

In view of the FOP's non-appeal of the PLRB's February 27, 1980 order, we must accept as fact that the township's conduct in 1979 did not constitute an unfair practice. Thus, we must narrow our inquiry to the FOP's charge that the township engaged in an unfair practice by refusing to begin arbitration after the FOP's certification on April 21, 1980.

Because that request occurred more than seven months beyond the deadline set in Act 111, and absent any wrongdoing on the part of the township in or before 1979, we cannot say that the PLRB acted with bad faith, fraud, capricious action or abuse of power in not issuing an unfair practice complaint.

Accordingly, we affirm the decision of the PLRB.

ORDER

Now, June 24, 1983, the order of the Pennsylvania Labor Relations Board, entered June 4, 1980, at No. PF-C-80-37-E, is affirmed.

