**FRATERNAL ORDER OF POLICE, LODGE NO. 5, Petitioner,**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1998.

Decided March 19, 1999.

Thomas H. Kohn, Philadelphia, for petitioner.

Steven R. Paisner, Philadelphia, for intervenor, City of Philadelphia.

Peter Lassi, Harrisburg, for respondent.

Before FLAHERTY, J., LEADBETTER, J., and RODGERS, Senior Judge.

FLAHERTY, Judge.

The Fraternal Order of Police, Lodge No. 5(FOP) petitions for review from an order of the Pennsylvania Labor Relations Board (Board) which determined that the establishment of a Police Advisory Commission by the City of Philadelphia (City) was not bargainable and that the hearing examiner's denial of the FOP's motion to amend its charge was not in error. We affirm the order of the Board.

The findings of fact relevant to this case, as found by the Board and not challenged by the FOP, are as follows. In October 1993, Mayor Edward Rendell signed an executive order that created the Police Advisory Commission (PAC). The enunciated reasons for the establishment of the PAC included the following: to enhance public safety, to provide proper support of the government to those responsible for public safety, to increase the confidence of the citizenry in their

capacity to redress grievances against the government and its employees, to lower legal settlements in misconduct or abuse cases, to establish a citizen advisory commission to help the City prevent future incidents of police misconduct and abuses of civil rights, to lessen the probability that future incidents of urban unrest will occur and to promote the public confidence in law enforcement.

The PAC was given full discretion to investigate specific complaints or incidents of misconduct against police officers, hold public hearings and to study broader issues which may be of interest to the community and the Police Department. Full cooperation with the PAC was expected from the police officers or discipline could result. The PAC could only make recommendations to the Police Commissioner concerning discipline of officers. The City did not bargain with the FOP regarding the creation of the PAC, its procedures or the impact of the implementation of the PAC on the police officers' performance of their duties.

On August 23, 1994, the PAC received a citizen complaint relating to the death of another citizen and the alleged actions of police officers with regard to the death of that citizen. The PAC commenced an investigation into the incident which involved interviewing police officers and subsequent public hearings. At these hearings numerous witnesses testified, including police officers.

A charge of unfair labor practices was filed by the FOP with the Board on April 3, 1995. The charge arose out of the establishment of the PAC and the above described investigation of the citizen complaint. The charge alleged that the City violated Sections 6(1)(a) and (e) of the Pennsylvania Labor Relations Act (PLRA),[1] as read *in pari materia* with the law commonly know as Act 111.[2] At the hearing on May 23, 1996, the FOP moved to amend the charges to also allege the City's refusal to bargain over the impact of the PAC. The hearing examiner denied the motion to amend on the grounds that it would add a new cause of action beyond the six week limitation in the PLRA.[3]

■ After hearings, the Board hearing examiner filed a proposed decision and order (PDO) on April 10, 1997.[4] After exceptions were filed by the FOP which argued that the hearing examiner erred, the Board issued its final order dismissing the FOP's exceptions. The FOP's petition for review to this Court followed.[5]

---

1. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§ 211.1–211.13.

    Sections 6(1)(a) and (e) provide:
    (1) It shall be an unfair labor practice for an employer—
        (a) To interfere with, restrain or coerce employes in the exercise of the rights guaranteed in this act.
        (e)To refuse to bargain collectively with the representatives of his employes, subject to the provisions of section seven (a) of this act.

2. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10. Section one of Act 111 states: "Policemen or firemen...shall...have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits...." 43 P.S. § 217.1

3. Section 9(e) of the PLRA provides in relevant part: "No petition or charge shall be entertained which relates to acts which occurred or statements which were made more than six weeks prior to the filing of the petition or charge." 43 P.S. § 211.9(e).

4. The hearing examiner found that the City unilaterally changed the prior practice by providing no advance notice to the FOP that the PAC representatives would be present at IAD interviews and that officers could be required to answer questions from those representatives which violated the collective bargaining agreement and thereby committed an unfair labor practice. (R.R. 322a, 331a). The examiner also held that the City was not required to bargain the establishment of the PAC. The City did not file exceptions. The FOP filed exceptions to the examiner's holding with respect to the establishment of the PAC and the examiner's denial of the FOP's motion to amend the changes to add an additional charge that the City refused to bargain over the impact of the PAC on the performance of the duties of the police officers.

5. Appellate review of a Board decision and order is limited to determining whether constitutional rights have been violated, whether errors of law were committed and whether the findings of fact were supported by substantial evidence. *Indiana Borough v. Pennsylvania Labor Relations Board,* 695 A.2d 470 (Pa.Cmwlth.1997).

In its brief the FOP raises essentially three issues for our review: (1) whether the Board erred by using an incorrect test, specifically a balancing test instead of the rational relationship test, to determine whether the establishment of the PAC by the City was bargainable; (2) whether the Board erred in concluding that the creation of the PAC was not a mandatory subject of bargaining because the City's interest in creating the PAC substantially outweighed the interests of the FOP members; and (3) whether the Board erred as a matter of law in concluding that the City was not required to bargain over the impact of the PAC.

■ With respect to the FOP's first allegation of error, the City argues that the FOP has waived appellate review of the issue concerning the test used by the Board in reaching its decision because the FOP failed to specifically raise the issue in its exceptions to the Board or in its petition for review to this Court that the Board used a balancing test instead of the rational basis test to determine whether the establishment of the PAC was a mandatory subject of bargaining.

We have held that issues are waived for purposes of appellate review where they are not properly raised and preserved through the filing of timely exceptions with the Board. *Township of Upper Saucon v. Pennsylvania Labor Relations Board,* 152 Pa. Cmwlth. 530, 620 A.2d 71 (1993). We have also held that issues not raised in the petition for review to this Court are waived. *See Tyler v. Unemployment Compensation Board of Review,* 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991) and Pa. R.A.P. 1513(a).

A review of the exceptions filed by the FOP with the Board reveals that the FOP did not specifically raise the exception that the Board's hearing examiner did not use the proper test when determining whether the establishment of the PAC was bargainable. Although the FOP raised disagreements with portions of the analysis in the PDO, it did not argue that the incorrect test was used by the Board. Similarly, although the brief raises the issue of the use of an incorrect test in determining that the establishment of the PAC was bargainable, the petition for review does not raise that issue. Accordingly, we

must agree with the Board and conclude that review of this issue has been waived.

■ Next, the FOP contends that the Board erred in determining that the City's interests in creating the PAC substantially outweighed the interests of the FOP members and erred by concluding that the creation of the PAC was not bargainable.

■ We have held that an issue is deemed a mandatory subject of bargaining under Act 111 if the issue bears a rational relationship to the employees' duties, but the Court must consider the public employer's management objectives. *Indiana Borough.* For an issue to be deemed a managerial prerogative and thus not a mandatory subject of bargaining, the managerial policy must substantially outweigh any impact an issue will have on the performance of the duties of the police or fire employees. *Township of Upper Saucon,* 620 A.2d at 71.

Here, the Board adopted the conclusion of the hearing examiner that the creation of the PAC was rationally related to the police officers' duties. The hearing examiner and the Board also determined that the City's managerial interest in creating the PAC substantially outweighed the interests of the police officers. We cannot conclude that the Board erred as a matter of law in reaching this determination.

The City's interests in establishing the PAC were set forth at length in the executive order which created the PAC. The hearing examiner and the Board reasoned that because the PAC was established principally to ensure that the City's police officers lawfully carried out their duties without mistreatment of the citizens who were to receive their protection, the decision to create the PAC principally involved managerial policy, not terms and conditions of employment and was, therefore, not a mandatory subject of bargaining under Act 111.

In *City of Sharon v. Rose of Sharon Lodge No. 3,* 11 Pa.Cmwlth. 277, 315 A.2d 355 (1973) this Court concluded that the City of Sharon's enactment of an ordinance requiring all present employees of the police, fire and public works departments to take and

pass a physical examination administered by the City's physician was a managerial decision and not bargainable.

■ It is well established that the Board possesses administrative expertise in the area of public employee labor relations and that great deference ought to be given to the Board's assessment of the often competing concerns between the employer and the union. *City of Philadelphia v. Pennsylvania Labor Relations Board,* 138 Pa.Cmwlth. 113, 588 A.2d 67 (1991), *appeal denied,* 528 Pa. 632, 598 A.2d 285 (1991). In *City of Philadelphia* we held that the unilateral implementation of a first responder program constituted a managerial prerogative and was not a mandatory subject of bargaining. The first responder program designated certain fire companies to respond to medical emergencies under certain defined circumstances. The goal of the program was to provide faster service in medical emergencies to the citizens of the City.

In this case, we agree with the Board's conclusion that the City's interest in creating the PAC outweighs the interests of the police officers. The City's interest in providing public safety and providing a forum in which citizens can redress grievances against the government and its employees, as well as attempting to prevent future incidents of police misconduct and abuses of civil rights, outweighs the interests expressed by the police officers in this situation including the principal one that fears disciplinary standards have been changed by their being liable for discipline for failure to cooperate with PAC investigations. Although the establishment of the PAC was found by the examiner to add to the obligations of police to testify and otherwise cooperate in the investigations, the Board held that no change was effected in the duties the employees were previously required to do or the grounds for imposing discipline. Further, it is noted that the police will have already performed their most basic duties of law enforcement prior to the PAC investigation involving any of them. Thereafter, only the normal responsibilities of the police to cooperate and testify in an investigation of the performance of their duties to enforce the law are reviewed.

■ Finally, the FOP contends that the Board erred as a matter of law in concluding that even if the PAC is deemed a managerial prerogative and not a subject of bargaining, the City was still required to bargain over the impact of the PAC on the wages, hour and other terms and conditions of employment.[6] This argument is misplaced because the Board never reached the merits of that

---

6. Under the PLRA, public employees, including police officers and fire fighters, did not have the right to collectively bargain or to strike until 1968 when Act 111 was effective and granted only police and fire employees a limited right to collectively bargain over specifically enumerated subjects (see footnote 2 *supra* ), which subjects, however, did not include the right to bargain impact, but did preserve the prohibition against striking by all public employees. Two years later the Public Employe Relations Act (Act 195), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301, was passed which gave public employees other than police officers and firefighters, the right to limited collective bargaining and a limited right to strike, but, unlike Act 111, it specifically set forth the concept of excluding matters of inherent managerial policy from the mandatory subjects of bargaining and, only required the employer to meet and discuss (not bargain) policy matters affecting the mandatory subjects of bargaining and also the *impact* thereon, if requested by the labor representatives. Section 702 of Act 195, 43 P.S. § 1101.702.

Rights under Act 111 were usually expressly distinguished from those under Act 195. In 1991, however, this Court in *City of Philadelphia,* held that although the "first responder program" was a managerial prerogative and, therefore, not one of the enumerated mandatory subjects of bargaining under Act 111, there was a separate duty which existed under Act 111 to bargain the *impact* of the "first responder" program on the wages, hours, etc. of the firefighters on the basis that that program clearly concerned those aspects of the firefighters' employment. In *City of Bethlehem v. Pennsylvania Labor Relations Board,* 153 Pa.Cmwlth. 544, 621 A.2d 1184 (1993) it was recognized that absent the withdrawal of an item from collective bargaining, there are only two alternatives under Act 111, agreement with the bargaining representative or arbitration.

Although many managerial programs affect the terms and conditions of employees, public employers will apparently have to arbitrate the impact of virtually every proposed managerial program affecting police and fire employees that the employees do not agree with, until there is further case law on this subject.

The impact issue is not reconsidered in this opinion because it has been waived by not being timely raised before the Board.

argument and, therefore, never concluded that the City was not required to bargain over the impact of the PAC. Instead, the Board merely agreed on procedural grounds with the hearing examiner's denial of the FOP's request to amend its charge to include the allegation that the City failed to bargain over the impact of the PAC. The Board never reached the merits of this allegation because the FOP's original charge to the Board of an unfair labor practice did not raise the issue of whether the City was required to bargain over the impact of the PAC. Only at the May 23, 1996 hearing did the FOP raise this issue for the first time when it made a motion to amend its charge to also allege a refusal to bargain over the impact of the PAC. The hearing examiner denied the motion at the hearing, determining that the original charge was filed on April 3, 1995, and the proposed amendment would add a new cause of action beyond the six week limitations period set forth in Section 9(e) of the PLRA. To allow the amendment would have been contrary to the PLRA and the Board's regulation at 34 Pa.Code § 93.14(b).[7]

Before the Board, the FOP did take exception to the hearing examiner's denial of its motion to amend its charge. In the Board's decision, it dismissed this exception and affirmed the hearing examiner's decision to deny the motion. There has been no issue raised for our review however, as to whether the hearing examiner and the Board erred by denying the FOP's motion to amend its charge to add the charge that the City failed to bargain over the impact of the PAC. The only issue raised in this Court is the merits of whether the City was required to bargain and refused to bargain. We have no authority, therefore, to review the Board's denial of the FOP's motion to amend its unfair labor practice charge because it has been waived for failure to raise it on appeal to this Court, just as we have no authority to review the merits of that issue which, although raised here,was never ruled on below and is not before this Court at this time.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 19th day of March, 1999, the order of the Pennsylvania Labor Relations Board at Case No. PF–C–95–80–E dated November 18, 1997, is affirmed.

---

7. Specifically, 34 Pa.Code § 93.14(b) provides: "In the discretion of the Board, upon due notice to the parties, a complaint may be amended, in such a manner as the Board may deem proper, at any time before the issuance of a final decision and order if no new cause of action is added after the statute of limitations has run."