**PENNSYLVANIA STATE TROOPERS ASSOCIATION, Petitioner**

v.

**PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 2002.

Decided Oct. 17, 2002.

Sean T. Welby, Harrisburg, for petitioner.

Warren R. Mowery, Jr., Harrisburg, for respondent.

Viriginia L. Breighner, Harrisburg, for intervenor, PA Labor Relations Board.

Before McGINLEY, Judge, PELLEGRINI, Judge, and McCLOSKEY, Senior Judge.

Opinion By Judge McGINLEY.

The Pennsylvania State Troopers Association (PSTA) petitions for review from a final order of the Pennsylvania Labor Relations Board (Board) that dismissed the exceptions of the PSTA.

Pursuant to Act 111[1] and the Pennsylvania Labor Relations Act (PLRA),[2] the

1. Act of June 24, 1968, P.L. 237, No. 111, 43 P.S. §§ 217.1–217.10.

2. Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§ 211.1–211.13. Section 6 of the PLRA indicates:

PSTA is the bargaining agent for the Pennsylvania State Police. On October 15, 2001, the PSTA filed a charge of unfair labor practices and alleged:

4. Prior to October 1, 2001, the promotional procedure for promoting to the rank of Sergeant consisted of (1) a written test comprising 35% of total score, (2) a performance evaluation comprising 10% of total score and (3) an oral examination component comprising 55% of total score. This procedure was mutually approved by both the PSTA promotion committee and the Commonwealth.

5. On October 1, 2001, the Commonwealth began administration of the oral component of the promotional procedure for the current round of promotions. However, in doing so, the Commonwealth unilaterally changed the process by increasing the weight to be assigned the oral examination to 60% of total score in conjunction with decreasing the written component weight to 30% of total score.

6. The forgoing [sic] change constituted a change in promotional procedure, rather than in substantive criteria for selection. The forgoing [sic] change was made unilaterally, without bargaining with the PSTA either as to the change or its impact upon members of the bargaining unit. (Emphasis added).

Charge of Unfair Labor Practices, October 15, 2001, Paragraphs 4–6, at 3; Reproduced Record (R.R.) at 4a.

By letter dated November 28, 2001, the Board dismissed the charge of unfair labor practices. The Board reasoned:

The Board has required that promotional procedures are a mandatory subject

> (1) It shall be an unfair labor practice for an employer
> (a) To interfere with, restrain or coerce employes in the exercise of the rights guaranteed in this act.

of collective bargaining whereas the promotional criteria are substantive matters, a managerial decision regarding selection and direction of personnel not subject to collective bargaining. *Fraternal Order of Police Rose of Sharon Lodge 3 v. PLRB*, 729 A.2d 1278 (Pa.Commonwealth, 1999).... Changes in the nature of the test administered and the resultant changes in scoring of promotional tests implicates [sic] substantive decisions regarding selection of personnel and not merely changes in the procedures surrounding promotion decisions.

Board Letter Declining to Issue a Complaint, November 28, 2001, at 1–2; R.R. at 6a–7a.

On December 17, 2001, the PSTA challenged the Board's decision not to issue a complaint. The Board dismissed the PSTA's exceptions and determined that:

The alleged changes to the weight afforded the written and oral portions of the promotion test do not involve the procedures used for the promotion to sergeant, but the substantive assessment of qualifications for a promotion.... The substantive weight afforded to any given part of the overall test is merely the Employer's establishment of the means to measure and evaluate a candidate's performance for a promotion to the rank of sergeant. The measurement and evaluation of a candidate's qualifications for promotion are not subject to bargaining.

Board's Final Order, February 19, 2002, at 2.

> ....
> (e) To refuse to bargain collectively with the representatives of his employes....
> 43 P.S. § 211.6(1)(a) & (e) (footnotes omitted).

■ On appeal,[3] the PSTA contends that the Board erred when it dismissed the PSTA's exceptions because the unilateral changes to the promotional process constituted an unfair labor practice. This Court disagrees.

Section 1 of Act 111 provides in pertinent part:

> Policemen or firemen employed by a political subdivision of the Commonwealth or by the Commonwealth shall, through labor organizations or other representatives designated by fifty percent or more of such policemen or firemen, have the right to bargain collectively with their public employers concerning the terms and conditions of their employment, including compensation, hours, working conditions, retirement, pensions and other benefits, and shall have the right to an adjustment or settlement of their grievances or disputes in accordance with the terms of this act.

43 P.S. § 217.1.

In *F.O.P. Rose of Sharon Lodge No. 3 v. Pennsylvania Labor Relations Board,* 729 A.2d 1278 (Pa.Cmwlth.1999), the Fraternal Order of Police, Rose of Sharon Lodge No. 3 (FOP) filed a charge of unfair labor practices and asserted that the City of Sharon (City) had unilaterally changed the minimum service requirements for promotion. A hearing examiner concluded the change was an unfair labor practice. The City filed exceptions and asserted the change was within its managerial prerogative. Ultimately, the Board vacated the hearing examiner's decision and dismissed

the unfair labor charge. On appeal, this Court stated that "[w]e agree with the Board that a change in the minimum requirements for promotion relates directly to the City's managerial prerogative in selection and direction of personnel and is not subject to mandatory bargaining under Act 111." *Id.* at 1282.

■ Here, the weight afforded the test components, like the changed service requirements in *Rose of Sharon Lodge,* pertains to job qualifications, a matter of managerial policy. By altering the weight of test scores, the Commonwealth made a substantive decision regarding the selection of police officers to be promoted to sergeant. "[A]ny regulation which might be considered essential for the proper and efficient functioning of a police force may remain subject to municipal management." *Plumstead Township v. Pennsylvania Labor Relations Board,* 713 A.2d 730, 735 (Pa.Cmwlth.1998) (citation omitted).

In *Dormont Borough v. Pennsylvania Labor Relations Board,* 794 A.2d 402, 408 (Pa.Cmwlth.2002), this Court discussed the "rational relationship" test:

> Under this test, an issue is deemed bargainable if it bears a rational relationship to the employees' duties. *Fraternal Order of Police, Lodge No. 5 [v. Pennsylvania Labor Relations Bd.,* 727 A.2d 1187 (Pa.Cmwlth.1999)]; *Township of Upper Saucon [v. Pennsylvania Labor Relations Bd.,* 152 Pa.Cmwlth. 530, 620 A.2d 71 (1993)]. On the other hand, '[f]or an issue to be deemed a managerial prerogative and thus not a mandatory

3. This Court's review of an adjudication of a statewide administrative agency is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether findings of fact were supported by substantial evidence. *Harbaugh v. Pennsylvania Labor Relations Board,* 107 Pa.Cmwlth. 406, 528 A.2d 1024 (1987).

In addition, this Court has noted that "[w]e do not review the PLRB's [Board's] discretionary acts in the absence of bad faith, fraud, capricious action or abuse of power." *Delaware County Lodge # 27, Fraternal Order of Police v. Pennsylvania Labor Relations Board,* 75 Pa.Cmwlth. 192, 461 A.2d 1337, 1340 (1983).

subject of bargaining, the managerial policy must substantially outweigh any impact an issue will have on the performance of the duties of the police or fire employees.' *Fraternal Order of Police, Lodge No. 5*, 727 A.2d at 1190.

Here, the weight assigned to the oral and written components of the test had no impact upon police duties. Test scoring is strictly a managerial function. Also, test scoring does not appear among the listed items subject to bargaining under Act 111. The facts, as presented by the PSTA, did not give rise to a change in promotional procedure.

■ When the Board assumes that alleged facts are true and where the allegations do not demonstrate an unfair labor practice, the Board properly declines to issue a complaint. *See Pennsylvania Social Services Local 668 v. Pennsylvania Labor Relations Board*, 481 Pa. 81, 392 A.2d 256 (1978). In sum, the Board did not err.[4]

Accordingly, we affirm.

### ORDER

AND NOW, this 17th day of October, 2002, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is affirmed.

---

4. With respect to the PSTA's contention concerning a hearing, this Court agrees with the Board's rationale as follows:

> We reject Complainant's [PSTA's] argument that a hearing is required because the Board has not previously addressed the specific facts involved with this particular case. From the facts as alleged in the charge, a determination may clearly be made between the procedural and substantive aspects of the promotion to sergeant. The Board has consistently held that the substantive aspects of a promotion, such as those involved here, are within management prerogative.

Board's Final Order at 2 n. 1.